# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                       Plaintiff,

-vs-

THE PREMISES AND REAL PROPERTY WITH
ALL BUILDINGS, APPURTENANCES, AND
IMPROVEMENTS, LOCATED AT
1311 FIVE MILE LINE ROAD, WEBSTER, NEW
YORK, THAT IS, ALL THAT TRACT OR PARCEL
OF LAND, SITUATED IN THE TOWN OF
PENFIELD, COUNTY OF MONROE, AND STATE
OF NEW YORK, AND MORE PARTICULARLY
DESCRIBED IN A CERTAIN DEED RECORDED
IN THE MONROE COUNTY CLERK,

                       Defendant.

DECISION and ORDER
09-CV-6047-CJS

---

**APPEARANCES**

| | |
|---|---|
| For the United States: | Kathryn L. Smith, A.U.S.A<br>United States Attorney's Office<br>100 State Street, Room 620<br>Rochester, NY 14614<br>(585) 263-6760 |
| For Claimant Terry Swann: | Michael J. Tallon, Esq.<br>Michael J. Tallon, P.C.<br>900 Times Square Building<br>45 Exchange Blvd.<br>Rochester, NY 14614<br>(585) 546-1734 |

**INTRODUCTION**

**Siragusa, J.** This case is before the Court on the motion by Terry Swann ("Swann"), a potential claimant to the defendant property, seeking reconsideration of the Court's prior memorandum and decision denying him an extension of time after the fact to file a claim. *See* Memorandum and Order, *United States of America v. 1311 Five Mile Line Road*, No. 09-CV-6047-CJS (May 11, 2009). Additionally, the matter is before the Court on the Government's motion for a default judgment with respect to the defendant property. For the reasons stated below, Swann's motion for reconsideration is denied and the Government's motion for default judgment is granted.

**FACTUAL BACKGROUND**

On February 2, 2009, the United States of America ("the Government") filed a verified complaint seeking forfeiture, under 18 U.S.C. §§ 2428(b)(1)(A), 2253(a)(3) and 2254, of the real property described in the caption. Pursuant to Rule G(4)(b) and Rule G(5)(a)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Forfeiture Rules"), the Government attempted to serve likely claimant, Terry Swann through his criminal defense lawyer, Michael Tallon, Esq., by sending a Notice of Forfeiture Action to Mr. Tallon on February 2, 2009.[1] Mr. Tallon, who had not been retained to represent Terry Swann, his criminal defense client, in this separate civil forfeiture action, returned the Notices of Forfeiture Action to the Government with a cover letter. Mr. Tallon sent his client, Terry Swann, who was then incarcerated, a copy of his cover letter, addressed to the prosecuting attorneys, which stated, in pertinent part:

---

[1] The Government sent Mr. Tallon two Notices of Forfeiture Action—one for Terry Swann, his client, and one for Mr. Swann's then-deceased brother, Wayne Swann.

> I enclose two (2) certified mailings, one addressed to "The Estate of Wayne Swann" and the other to "Terry Swann." I am returning them unopened as I believe they concern the prospective civil forfeiture action. At this point, until I am formally engaged by Mr. Swann and possibly by the estate of his late brother, I am unable to accept what I believe to be service of a Summons and Complaint.

(Michael J. Tallon, Esq., letter to Assistant United States Attorneys Kathryn L. Smith and Tiffany H. Lee (Feb. 5, 2009), at 1.) A copy of the letter went to Terry Swann. (*Id*.; Tallon Decl. ¶ 5.)

Subsequently, on February 6, 2009, the Government sent a Notice of Forfeiture Action to Terry Swann at his address in the Monroe County Jail, which was delivered to him on February 9, 2009. The Notice of Forfeiture Action set out the following information, as required by the Rules: "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 20 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Rule G(4)(b)(ii)(A)–(D).The Notice of Forfeiture Action clearly indicated that, "[a]ny person who asserts an interest in any of the defendant properties may contest the forfeiture by filing a claim in [this Court] *by March 13, 2009*...." (Notice of Forfeiture Action (Feb. 6, 2009), at 1 (emphasis added).).

On March 31, 2009, Swann's counsel filed a motion for an extension of time to file an answer. (Docket No. 11.) The Government opposed the application, and the Court, in a Memorandum and Order filed on May 11, 2009, denied Swann's motion. In its decision, the Court wrote that,

> Terry Swann argues that he thought Mr. Tallon [his criminal defense lawyer] would be handling the forfeiture and, thus, did not take steps to timely request an extension of time, or otherwise respond to the Notice of Forfeiture Action. The Court notes that the Notice of Forfeiture Action set out the date

> by which a claim was due to be filed in this Court. Despite that, Terry Swann waited until after the expiration of the deadline to even raise the issue with his attorney. The Notice of Forfeiture Action set out in detail the place for filing the claim and the addresses to which to send a claim. The Court fails to understand how Terry Swann could have thought Mr. Tallon was handling the forfeiture action when, in his letter of February 5, 2009, quoted from above, a copy of which went to Mr. Swann prior to the Notice of Forfeiture Action, Mr. Tallon made it clear that at that time he was not.

Memorandum and Order, United States of America v. 1311 Five Mile Line Road, No. 09-CV-6047-CJS (May 11, 2009), at 3–4. In the application to reconsider, Swann's counsel provides his observations and conclusion that Swann has been suffering from dysthymia.

## STANDARDS OF LAW

As the Fifth Circuit has recognized,

> [t]here is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id*.

*Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). In *DiLaura v. Power Authority of State of N.Y.,* 982 F.2d 73 (2d Cir. 1992), the Second Circuit explained:

> As we have noted, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways*, 956 F.2d at 1255 (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (1981))….

*DiLaura*, 982 F.2d at 76. Subsequently, in *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995), the Circuit advised "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. at 257.

## ANALYSIS

Applying the appropriate standard of law, the Court determines that Swann has not met the requirements for reconsideration. Swann has not pointed to controlling decisions or data that the court overlooked, or matters that might reasonably be expected to alter the Court's prior decision.

Even if the Court were to reconsider the application, however, the result would be the same. The original issue before the Court was to determine whether Swann's motion for an extension of time met the requirement of "excusable neglect" set out in Federal Rule of Civil Procedure 6. In *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court held that, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. The Court went on to state, "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we determine that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. The Supreme Court listed the factors to consider as: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Although *Pioneer* involved interpretation of a Bankruptcy Rule, "the Court's opinion is based on the term 'excusable

neglect' and draws upon the use of that term in other federal rules." *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993).

The Government contends in its brief opposing reconsideration:

> No evidence was timely submitted with Mr. Swann's original Rule 6(b) motion to support a finding that he suffered from depression in February and March of 2009, and that this condition made him incapable of timely responding to the United States' forfeiture complaint. There is no new evidence submitted with the present motion to support his claim. Mr. Swann has not pointed to a change in controlling law or an error of fact that would warrant reconsideration of the Court's prior order. Mr. Swann has merely reargued part of his initial motion. On these grounds, the motion for reconsideration should be denied.

(Gov't Opp'n to Mot. for Reconsideration at 10–11.)

Swann was before the Court on January 20, 2009, for a plea in his criminal case, 08-CR-6011. As the minutes of that hearing show, Swann was, at the time, age 55 and well-educated: he had received a Bachelor of Science degree. (Transcript of Proceedings, *United States v. Swann*, No. 08-CR-6011-CJS (Jan. 20, 2009), attached as Exhibit A to United States Opposition to Motion for Reconsideration ("Trans."), 3–4.) He reported that he was not seeing a doctor for any reason other than an issue with his eye. (Trans. 4.) Although he had been in jail for a little over a year at the time of his plea, he stated he had not been, and was not being, treated or hospitalized for any type of emotional or mental disorder. (*Id*. 4–5.) The plea agreement included a provision for the forfeiture of the computer seized from his residence. (Trans. 16.) He was astute enough to recognize an error in the plea agreement with regard to the street address and correct it. (*Id*.) Nothing the Court observed during the plea colloquy gave any indication that Swann was incapable of giving his full attention to detail, or that he was suffering from a deteriorated mental state which excuses his neglect to respond to the Government's forfeiture complaint.

Therefore, although Swann's counsel has presented observations of his client, these observations do not persuade the Court that Swann has met the strict standard for reconsideration by pointing "to controlling decisions or data that the court overlooked...." *Shrader*, 70 F.3d at 257.

Based on the Court's denial of Swann's motion to reconsider, and the fact that there are no other claimants to the defendant property, the Government's motion for default judgment is granted.

## CONCLUSION

Plaintiff's motion (Docket No. 19), seeking reconsideration of the Court's prior decision denying his application to file a claim out of time in the forfeiture action, is denied. Additionally, the Government's motion (Docket No. 17) for a default judgment is granted and the Clerk is directed to enter judgment against the defendant premises and real property with all buildings, appurtenances, and improvements, located at 1311 Five Mile Line Road, Webster, New York, that is, all that tract or parcel of land, situated in the Town of Penfield, County of Monroe, and State of New York, and more particularly described in a certain Deed recorded in the Monroe County Clerk's Office in Liber 08718 of Deeds at page 0078, in accordance with Rule 55 (b) (2) of the Federal Rules of Civil Procedure and 18 U.S.C. §§ 2428(b)(1)(A), 2253(a)(3), and 2254.

IT IS SO ORDERED.

Dated: January 21, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge